UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES WHITMORE,<br><br>                Petitioner,<br><br>vs.<br><br>PHILIP HEATH,[1] Superintendent, Sing Sing Correctional Facility,<br><br>                Respondent. | No. 9:06-cv-00602-JKS<br><br>MEMORANDUM DECISION |

Petitioner James Whitmore, a state prisoner proceeding *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Whitmore is currently in the custody of the New York Department of Correctional Services, incarcerated at the Sing Sing Correctional Facility. Respondent has answered, and Whitmore has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

Following a trial by jury, Whitmore was convicted in the Broome County Court of one count each of Sodomy in the First Degree (N.Y. Penal Law § 250.45[1]) and Endangering the Welfare of a Child (N.Y. Penal Law § 260.10[1]). The Broome County Court sentenced Whitmore to a determinate term of 18 years' imprisonment on the sodomy conviction and a concurrent one-year term on the child endangerment conviction. Whitmore timely appealed his conviction and sentence to the Appellate Division, Third Department, which affirmed his conviction in a reasoned, published decision. The New York Court of Appeals denied leave to

---

[1] Philip Heath, Superintendent, Sing Sing Correctional Facility, is substituted for William D. Brown, Superintendent, Eastern Correctional Facility. Fed. R. Civ. P. 25(b).

appeal on January 24, 2005, and denied reconsideration on May 17, 2005.[2]  While his direct appeal was pending, Whitmore filed a motion to vacate his conviction under N.Y. Criminal Procedure Law § 440.10 in the Broome County Court, which the court summarily denied.  The Appellate Division granted leave to appeal, and the appeal was consolidated with his direct appeal.[3]  Whitmore timely filed his petition for relief in this Court on April 3, 2006, and his amended petition on August 7, 2006.  While this petition was pending, Whitmore filed a second motion under § 440.10 in the Broome County Court, which the Broome County Court denied.  The Appellate Division, Third Department, denied leave to appeal on June 17, 2008.[4]

The facts, as summarized by the Appellate Division:  "After defendant's girlfriend reported that defendant had engaged in a sexual act with her five-year-old daughter, the police questioned defendant and obtained an oral and written statement in which he confessed to having the victim perform oral sex on him."[5]

## II.  GROUNDS RAISED/DEFENSES

In his amended petition Whitmore raises four grounds:  (1) a statement made by Whitmore to a case social worker was erroneously admitted; (2) the prosecution failed to turn over exculpatory material to the defense; (3) the trial court erred in granting the request of the

---

[2] *People v. Whitmore*, 785 N.Y.S.2d 140 (App. Div. 2004), *lv. denied*, 825 N.E.2d 144 (N.Y. 2005), *reconsideration denied*, 831 N.E.2d 982 (N.Y. 2005).

[3] *Id*.

[4] At the request of Whitmore, this Court stayed these proceedings from February 12, 2007, to August 20, 2008, pending the outcome of the second § 440.10 motion.

[5] *Whitmore*, 785 N.Y.S.2d at 142.

prosecution to reopen a *Huntley* hearing;[6] and (4) statements taken by a child protective service caseworker were taken in violation of his right to counsel and without first notifying counsel. Respondent contends that Whitmore's second ground is procedurally barred and his third ground is unexhausted. Respondent raises no other affirmative defenses.[7]

### III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Consequently, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[9] The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[10] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that

---

[6] *People v. Huntley*, 204 N.E.2d 179 (N.Y. 1965) (a shorthand reference to the procedure under New York law to suppress statements attributed to the defendant).

[7] *See* Rules—Section 2254 Cases, Rule 5(b).

[8] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[9] *Williams*, 529 U.S. at 412.

[10] *Early v. Packer*, 537 U.S. 3, 10 (2002).

the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[11] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[12] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[13] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[14] Petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[15]

In applying this standard, this Court reviews the last reasoned decision by the state court.[16] In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[17]

---

[11] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[12] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[13] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[14] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[15] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[16] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[17] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

To the extent that the petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[18]  A federal court must accept that state courts correctly applied state laws.[19]  A petitioner may not transform a state law issue into a federal one by simply asserting a violation of due process.[20]  A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[21]

IV.  DISCUSSION

Grounds 1 and 4:  Statement Made to Social Services Caseworker.

In his first ground Whitmore argues that the Department of Social Services child protection caseworker was an agent of the police.  In his fourth ground Whitmore argues that the statement was taken without first notifying counsel, which violated his right to counsel.[22]  As these constitute a single ground, they are consolidated for discussion.

The Appellate Division rejected Whitmore's contentions on direct appeal, holding:

---

[18] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[19] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[20] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[21] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[22] Whitmore also contends the statement was "coerced."  Whitmore presents no factual basis or argument in support of this conclusory statement.  Consequently, this Court does not address it.

Defendant next contends that his statements to a Department of Social Services (hereinafter DSS) child protective caseworker should have been excluded because they were obtained in violation of his right to counsel and the People failed to provide notice of such statements pursuant to CPL 710.30. Although defendant's right to counsel had attached when he spoke to the caseworker, that right was only violated if statements were taken by the police or agents of the police. This Court has previously stated that "social workers are generally not agents of the police," although they may be considered agents under certain circumstances (citation omitted). While the caseworker here coordinated with police detectives regarding the interview of the child victim, the caseworker conducted her jailhouse interview of defendant without any police involvement. As the caseworker had no agency relationship with the police, defendant's right to counsel was not implicated (citation omitted ).

    Nevertheless, the statement to the caseworker should have been excluded because defendant was entitled to notice pursuant to CPL 710.30. That statute requires the People to provide notice of any "statement made by a defendant to a public servant" which will be offered at trial (CPL 710.30[1][a]). Although the term "public servant" is not defined in the CPL, the Legislature's definition of that term in the Penal Law is instructive. Penal Law § 10.00(15) broadly defines the term to include "any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state." This definition also comports with a common sense understanding of "public servant," and seems to include a DSS caseworker. While the Court of Appeals previously held that a notice of intention to introduce a statement made to a public social worker need not be provided ahead of time to an alleged juvenile delinquent, that decision was based on notice provisions in the Family Ct Act and their correlation to language in, and the legislative history of, a different statute, CPL 710.20 (citation omitted).

    The present case is also distinguishable from statements to private parties, where the issue is whether the individuals are agents of the police, not whether those individuals are public servants (citation omitted). Because the caseworker here was not a private individual but a public servant, albeit an employee of DSS and not of a law enforcement agency, defendant's statements to her fell under the purview of CPL 710.30 (citation omitted). Despite the People's failure to provide the required CPL 710.30 notice, we deem the admission of defendants [*sic*] statements to the caseworker harmless error in light of the overwhelming proof of guilt through the victim's testimony, defendant's written statement, and testimony of defendant's admissions to the police detectives, the victim's mother and a cellmate (citations omitted).[23]

---

[23] *Whitmore*, 785 N.Y.S.2d at 142-43.

It is well settled that the Sixth Amendment right to counsel extends to having counsel present at all critical pretrial interactions between a criminal defendant and the State, including the elicitation of statements pertaining to the charges by law enforcement personnel and their agents.[24] The issue turns on whether the caseworker was an agent of law enforcement officials. The state court, based upon the evidence, found that the child protection caseworker was not acting as a law enforcement agent at the time she took Whitmore's statement. This factual finding is presumptively correct, and Whitmore has not overcome it by clear and convincing evidence.[25] The Supreme Court has noted that the "primary concern of the *Massiah* line of decisions is secret interrogation by investigatory techniques that are the equivalent of direct police interrogation."[26] Thus, to violate *Massiah,* law enforcement must engage in some affirmative act "that was designed deliberately to elicit incriminating remarks."[27] Whitmore has not presented any evidence to suggest that the child protection caseworker was induced by law enforcement to contact him for the purpose of obtaining information about his involvement, if any, in the crime.[28]

Even if there were a *Massiah* violation, Whitmore would not prevail. A constitutional error in a state court criminal trial is not prejudicial unless the error had a substantial and

---

[24] *See Kansas v. Ventris*, 556 U.S. ___, 129 S.Ct. 1841, 1845 (2009) (citing *United States v. Wade*, 388 U.S. 218, 224 (1964) and *Massiah v. United States*, 377 U.S. 201, 206 (1967)).

[25] 28 U.S.C. § 2254(e)(1).

[26] *Kuhlmann v. Wilson,* 477 U.S. 436, 459 (1986).

[27] *Id.*

[28] *See United States v. Birbal*, 113 F.3d 342, 346 (2d Cir. 1997) ("an informant becomes a government agent for purposes of *Kuhlmann* only when the informant has been instructed by the police to get information about the particular defendant.").

injurious effect or influence in determining the outcome.[29] The Appellate Division, after finding that admission of the statement violated state law,[30] also found that admission of the statement was harmless. This finding is neither controverted nor irrational and is, therefore, binding.

Accordingly, this Court cannot say on the record before it that the decision of the Appellate Division "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31] Whitmore is not entitled to relief under his first and fourth grounds.

---

[29] *See Fry* (adopting the *Brecht* standard).

[30] The fact that the Appellate Division found state law had been violated does not create a federal constitutional claim cognizable by this Court in a federal habeas petition. *Bell*, 543 U.S. at 455; *Estelle*, 582 U.S. at 67-68; *Walton*, 497 U.S. at 653.

[31] 28 U.S.C. § 2254(d).

Ground 2:  Failure to Turnover Exculpatory Material.

Whitmore contends that a video taken of an interview of the minor victim was not provided to his counsel until after the trial, which constituted a *Brady* violation.[32]  Whitmore presented this claim to the state courts in his second § 440.10 motion.  The Broome County Court denied the motion on the basis that Whitmore could have raised the issue on his direct appeal, citing N.Y Criminal Procedure Law § 440.10[2](a),(c).[33]  Respondent argues that Whitmore is procedurally barred from raising his claim in a federal habeas proceeding.  This Court agrees.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[34]   This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[35]  N.Y. Criminal Procedure Law § 440.10[2], a default procedural rule established by statute, is an independent and adequate state ground precluding review by this Court.[36]  Because Whitmore's clam was defaulted in state court on an

---

[32] *Brady v. Maryland*, 373 U.S. 83 (1963).

[33] Lodged Doc., Exh. P, pp. 1-2.

[34] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *see Harris v. Reed,* 489 U.S. 255, 260 (1989) (holding that federal courts may not review the judgment of a state court that "rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision.").

[35] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[36] *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003).

adequate and independent state ground, it will not be considered in federal habeas proceedings unless Whitmore can demonstrate cause for the default and actual prejudice.[37]

Whitmore argues that the good cause exists because he did not have a working knowledge of procedural law prior to 2008 and he should be excused because neither his counsel nor the prosecutor recognized or acted to correct the *Brady* violation. This is not sufficient cause to escape the strictures of the procedural bar rule.[38] Even assuming Whitmore could show good cause for the default, he cannot show prejudice because his arguments fail on the merits. It is well established that a habeas petitioner bears the burden of proving, by a preponderance of the evidence, that his or her constitutional rights have been violated.[39] As presented to this Court, Whitmore's factual basis for his claim and the exact nature of the *Brady* violation are far from clear. In his amended petition, Whitmore alleges that the videotape was not turned over until after trial. Yet, in his Traverse, Whitmore states that the *Brady* material was turned over on March 16, 2001, which preceded the trial held March 19 through 22, 2001. Whitmore specifically states under oath in his second § 440.10 motion that the Brady material was not turned over until after the grand jury proceedings,[40] but does not state that it was not turned over until after trial or the precise date that the videotape was turned over to the defense. Instead, Whitmore argues that the videotape should have been presented to the grand jury and the failure to present the exculpatory information contained in the videotape rendered the indictment

---

[37] *See Coleman*, 501 U.S. at 729.

[38] *See Coleman*, 501 U.S. at 753 (citing and quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[39] *See Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006).

[40] Lodged Doc., Exh. O.

defective.  This is not a *Brady* violation.  Without some evidentiary basis to find that the evidence was not turned over prior to trial, a writ of habeas corpus is inappropriate.[41]

To the extent that Whitmore contends the failure to present the allegedly exculpatory information to the grand jury resulted in a defective indictment, that argument also fails. Analysis starts with the basic proposition that the Fifth Amendment right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment.[42] Consequently, an infirmity in state grand jury procedures in criminal prosecutions does not, itself, raise any Federal constitutional issue.  Any infirmity in state criminal grand jury proceedings, standing alone without some other constitutional infirmity, is a product of state law, which is beyond the purview of this Court in a federal habeas proceeding.[43]   Where claims concerning state grand jury proceedings are rendered harmless by the decision of a petit jury, they are foreclosed in a collateral attack brought in a federal court.[44]

Accordingly, this Court cannot say on the record before it that the decision of the Appellate Division  "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in

---

[41] *See Hawkins* (citing *Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[42] *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972) (citing *Hurtado v. California*, 110 U.S. 516, 534-35 (1884)).

[43] *See Beck v. Washington*, 369 U.S. 541, 545-46 (1962) (discussing state criminal charging procedures).

[44] *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989).

light of the evidence presented in the State court proceeding."[45]  Whitmore is not entitled to relief under his second ground.

Ground 3:  Reopening of *Huntley* Hearing.

Whitmore contends that the trial court abused its discretion in reopening the *Huntley* hearing to permit the People to present rebuttal evidence.  The Appellate Division rejected Whitmore's argument on direct appeal, holding:

> Defendant first contends that County Court erred when it granted the People's request to reopen the suppression hearing.  Very little time had elapsed between the conclusion of the hearing and the People's request, the court had not yet reached its decision on the motion, and the People's additional evidence was submitted as rebuttal to defendant's testimony that his statements were involuntary because he was under the influence of prescription medication at the time.  Under these circumstances, the court did not abuse its discretion in reopening the hearing (citations omitted).

Respondent correctly asserts that this ground presents an issue of state procedural law, which is beyond the purview of this Court in a federal habeas proceeding.[46]  Whitmore is not entitled to relief under his third ground.[47]

V.  CONCLUSION AND ORDER

Whitmore is not entitled to relief on any ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[45] 28 U.S.C. § 2254(d).

[46] *Bell*, 543 U.S. at 455; *Estelle*, 582 U.S. at 67-68; *Walton*, 497 U.S. at 653.

[47] Respondent contends this ground is unexhausted.  This Court need not reach that issue as it may deny the petition on the merits notwithstanding the failure of Whitmore to exhaust his state court remedies.  28 U.S.C. § 2254(b)(2).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[48]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  February 10, 2010.

                                              /s/ James K. Singleton, Jr.
                                               JAMES K. SINGLETON, JR.
                                               United States District Judge

---

[48] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).